IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BARRY DRAPER OAKLEY ) | Case No. 20-05494-MH3-13 |
| ) | Chapter 13 |
| ) | Judge Harrison |
| Debtor(s). ) | |

THE DEADLINE FOR FILING A TIMELY RESPONSE IS: 4/2/2021
IF A RESPONSE IS TIMELY FILED THE HEARING DATE WILL BE: 4/21/2021 at 8:30 am by AT&T conference line number 1-888-363-4749, access code 6926390#

### TRUSTEE'S NOTICE OF MOTION TO DISALLOW IN PART CLAIM OF U.S. BANK TRUST NA, AS TRUSTEE (PAYEE SN SERVICING CORPORATION) (COURT CLAIM 3) AND REQUEST TO DETERMINE AMOUNT NECESSARY TO CURE THE DEFAULT

Henry E. Hildebrand, III, Chapter 13 Trustee, has asked the court for the following relief: to Disallow in Part the Claim of U.S. Bank Trust NA, as Trustee (payee SN Servicing Corporation) (Court claim 3) and to Determine Amount Necessary to cure the default

**YOUR RIGHTS MAY BE AFFECTED**. If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736 5584.

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE**. You may check whether a timely response has been filed by viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

/s/ James M. Davis
James M. Davis
Counsel to the Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
 )
BARRY DRAPER OAKLEY ) Case No. 20-05494-MH3-13
 ) Chapter 13
 ) Judge Harrison
Debtor(s). )

## MOTION TO DISALLOW IN PART THE CLAIM OF U.S. BANK TRUST NA, AS TRUSTEE (PAYEE SN SERVICING CORPORATION) (COURT CLAIM 3) AND REQUEST TO DETERMINE AMOUNT NECESSARY TO CURE THE DEFAULT

Henry E. Hildebrand, III, Chapter 13 Trustee, by and through counsel, respectfully requests that the Court disallow in part the claim of U.S. Bank Trust NA, as Trustee (payee SN Servicing Corporation) (Court claim 3) and requests that the Court determine the amount necessary to cure the default on the claim.

The claimant has attached a lost note affidavit stating that the instrument representing the debt owed by the debtor has been lost. Because the instrument appears to be a negotiable instrument, the Trustee would submit, based on Tenn. Code Ann. § 47-3-309, that a claimant should be required to provide adequate protection against any loss that might occur by reason of a claim by another person to enforce the instrument.

The Trustee also objects to the claimed arrearage. The prepetition arrearage stated on the proof of claim includes $13,842.15 for principal and interest due as of the petition date. This amount aligns with a contractual due date of April 2019, which does appear at the end of the loan history in Part 5 of the Form 410A attachment. But the entry in the loan history for September 2019 seems to state that the debtor's payment on September 20, 2019, applied to the September 2019 payment. If so, the loan would have been 15 months or less in arrears as of the petition date in December 2020, suggesting the past-due principal and interest balance should be no greater than $9,887.25.

The claimed prepetition arrearage also includes fees and charges in the amount of $8,013.38. The loan history in Part 5 of Form 410A, however, reports a balance of just $296.64 for fees and charges as of the petition date.

Based on these issues, the Trustee objects to the claimed arrearage to the extent it exceeds the following amounts:
    Principal and interest:    $9,877.25
    Fees/charges:           $296.64
    Escrow deficiency[1]:    $953.03
    Total:                 $11,136.92

WHEREFORE, the premises considered, the Trustee requests that the Court require U.S. Bank Trust NA, as Trustee (payee SN Servicing Corporation) to indemnify the Trustee and borrower(s) against any loss that might occur by reason of a claim by another person to enforce the instrument on which Claim 3 is based. Further, the Trustee requests that the Court determine, based on the loan history provided by the claimant, that the amount required to cure the default on the claim as of the petition date was no greater

---

[1] The claim does not currently appears to have an escrow account, so these amounts may actually be advances to protect the claimant's interest in the property.

than $11,136.92. Based on that determination, the Trustee requests that the Court disallow the arrearage claim to the extent it exceeds that amount. In addition, the Trustee requests that the Court award any other relief that the Court determines is appropriate, including but not limited to precluding the claimant from presenting omitted information in any contested matter or adversary proceeding and awarding the Trustee reasonable expenses and attorney's fees.

    Respectfully submitted,

    /s/ James M. Davis
    James M. Davis
    Counsel to the Chapter 13 Trustee
    P. O. Box 340019
    Nashville, TN  37203-0019
    615-244-1101; Fax 615-242-3241
    www.ch13nsh.com
    jamesd@ch13bna.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 3, 2021, true and correct copies of the attached notice, motion, and proposed order were served in the following manner:

***By Electronic Case Noticing to:***
U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, TN 37203

***By U. S. Postal Service, postage prepaid to:***
Barry Draper Oakley, 112 Campbell Pl, La Vergne, TN 37086;
James M. George, 1451 Elm Hill Pike, Ste 205, Nashville, TN 37210;
U.S. Bank Trust NA, as Trustee, c/o SN Servicing Corporation, 323 Fifth St, Eureka, CA 95501;
SN Servicing Corp, c/o The Prentice-Hall Corporation System, Inc., Agent for Service of Process, 2908 Poston Ave, Nashville, TN 37203-1312

***By Certified U.S. Mail:***
U.S. Bank Trust NA, as Trustee, Attn: Officer, Service of Process Under FRBP 7004(h), 100 Wall St, Ste 1600, New York, NY 10005

    Respectfully submitted,

    /s/ James M. Davis
    James M. Davis
    Counsel to the Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
)
BARRY DRAPER OAKLEY ) Case No. 20-05494-MH3-13
) Chapter 13
) Judge Harrison
Debtor(s). )

**PROPOSED**

**ORDER DISALLOWING IN PART CLAIM OF U.S. BANK TRUST NA, AS TRUSTEE (PAYEE SN SERVICING CORPORATION) (COURT CLAIM 3) AND DETERMINING AMOUNT NECESSARY TO CURE THE DEFAULT**

It appearing to the Court, based upon the request of the Trustee as indicated by his electronic signature below, that the Trustee has filed a notice and motion seeking the disallowance in part of the claim of U.S. Bank Trust NA, as Trustee (payee SN Servicing Corporation) (Court claim 3) and requesting that the Court determine the amount necessary to cure the default on the claim, and that the Trustee has received no objection to the motion, it is, therefore,

ORDERED, U.S. Bank Trust NA, as Trustee (payee SN Servicing Corporation) shall indemnify the Trustee and the borrower(s) and hold any heirs or assigns harmless from and against any claims, liabilities, damages, costs, or expenses, including reasonable attorney fees, resulting from a claim by any other person or entity to enforce the note described in Claim No. 3; it is further

ORDERED, based on the loan history provided by the claimant, the amount required to cure the default on the claim as of the petition date was no greater than $11,136.92 and the arrearage stated for claim 3 is thus disallowed to the extent it exceeds that amount.

THIS ORDER WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE
TOP OF THE FIRST PAGE.

APPROVED BY:

/s/ James M. Davis
James M. Davis
Counsel to the Chapter 13 Trustee
P. O. Box 340019
Nashville, TN 37203-0019
615-244-1101; Fax 615-242-3241
www.ch13nsh.com
jamesd@ch13bna.com